UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
GETZLER HEINRICH & ASSOCIATES, :
LLC :
: CASE NO. 1:14-mc-00074
Petitioner, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 1]
:
WALDEMAR J. WOJCIK, :
*As Chapter 7 Trustee of Hudson & Keyese*, :
:
Respondent. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Getzler Heinrich & Associates, LLC ("Getzler") moves for the withdrawal of a bankruptcy reference.[1] Waldemar Wojcik ("Wojcik"), Chapter 7 Trustee of Hudson & Keyese, LLC ("Hudson"), opposes.[2] For the following reasons, the Court **GRANTS** Getzler's motion.

**I. Background**

On September 6, 2012, Wojcik filed a complaint in the bankruptcy court under 11 U.S.C § 548(a)(1)(B), 11 U.S.C. § 5544(b), and Ohio's Uniform Fraudulent Transfer Act to recover allegedly fraudulent payments that Debtor Hudson made to Getzler. Wojcik maintains that Getzler charged Hudson $836,575 for investment banking and restructuring services that were either not rendered or were worth far less than the amount charged.[3]

---

[1] Doc. 1.
[2] Doc. 2.
[3] Case No. 12-01263-jps, Doc. 1.

-1-

Case No. 1:14-mc-00074
Gwin, J.

The Bankruptcy Court has supervised an adversary proceeding between Wojcik and Getzler.[4] On September 30, 2014, the Bankruptcy Court denied Getzler's motion for summary judgment.[5] On October 21, 2014, Getzler moved for a withdrawal of the bankruptcy reference.[6]

## II. Standards

On referral from a district court, a bankruptcy court can generally enter final orders and judgments in core proceedings arising under Title 11.[3] Core proceedings include "proceedings to determine, avoid, or recover fraudulent conveyances."[4] But for certain core proceedings, so-called *Stern* claims, bankruptcy courts lack constitutional authority to enter final judgments.[5] For *Stern* claims, the bankruptcy judge must submit proposed findings to the district court for de novo review and entry of final judgment.[6]

"[T]he Supreme Court has treated fraudulent conveyance claims against noncreditors as *Stern* claims."[7] Furthermore, parties to a fraudulent conveyance claim have a Seventh Amendment right to a jury trial,[8] which the bankruptcy court can conduct only if all parties expressly consent.[9]

## III. Analysis

Wojcik seeks to void an allegedly fraudulent conveyance to Getzler, a non-creditor. Thus,

---

[4] Doc. 1-4.
[5] Case No. 12-01263-jps, Doc. 111.
[6] Doc. 1.
[3] 28 U.S.C. § 157(a).
[4] *Id*. at (b)(2)(H).
[5] *Stern v. Marshall*, 131 S. Ct. 2594 (2011).
[6] 28 U.S.C. § 157(c)(1).
[7] *Emerson v. Treinish*, No. 1:13-mc-52, 2014 WL 2807481, at *4 (N.D. Ohio June 20, 2014) (citing *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2174 (2014)).
[8] *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 49 (1989).
[9] 28 U.S.C. § 157(e).

Case No. 1:14-mc-00074
Gwin, J.

the Court finds that Wojcik's complaint against Getzler is a *Stern* claim. The pending adversary proceeding will ultimately require a final decision from this Court. Furthermore, the Bankruptcy Court has concluded pretrial supervision of the matter: discovery, expert reports, and summary judgment briefing are complete. Therefore, the Court will withdraw the bankruptcy reference.

Wojcik makes two arguments in opposition. First, Wojcik asserts that the denial of summary judgment in Getzler's favor is not a final order and that withdrawal should therefore be denied.[10] But Wojcik proposes no viable alternative to withdrawal. Getzler is entitled to a jury trial before an Article III court. Thus, it makes little sense for the Bankruptcy Court to manage the case.

Next, Wojcik cites to 28 U.S.C. § 157(d) and argues that Getzler's motion for withdrawal is not timely.[11] But § 157(d) pertains only to permissive withdrawal of bankruptcy references.[12] Getzler has a constitutional right to a jury trial, meaning that the reference must eventually be withdrawn so the case can be tried in district court. Therefore, § 157(d) is inapplicable.

Further, even under the permissive withdrawal standard of § 157(d), the Court finds the motion for withdrawal to be timely. "'[A] Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court.' Rather, the bankruptcy court may retain jurisdiction over the matter for pre-trial proceedings."[13]

Pretrial proceedings have ended and the case is ready for trial in this Court. "[A] bankruptcy

---

[10] Doc. 2 at 4.

[11] Doc. 2 at 7.

[12] 28 U.S.C. § 157(d) ("The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.").

[13] *In re Appalachian Fuels, LLC*, 472 B.R. 731, 747 (E.D. Ky. 2012) (quoting *In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007)).

Case No. 1:14-mc-00074
Gwin, J.

judge will preside over all of the judicial work that lies within the statutory and constitutional limits of his judicial authority. Only when the nature of a particular judicial function is beyond that authority will the proceeding go to a district judge."[14] The Bankruptcy Court has reached the limit of its constitutional jurisdiction. The Court will not impose the harsh remedy of waiving a constitutional right to a jury trial simply because Getzler waited to file the present motion until pretrial proceedings had ended.

### IV. Conclusion

Getzler's motion to withdraw the reference is **GRANTED** and the Court hereby **ORDERS** that the reference of adversary proceeding be withdrawn from the Bankruptcy Court. The Clerk shall terminate the miscellaneous case and assign a civil case number to this adversary proceeding. Henceforth, all filings and docket entries shall only be made in the civil case.

The Court will set the case for trial. An order scheduling a case management conference will be issued shortly.

IT IS SO ORDERED.

Dated: January 14, 2015           s/  *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[14] *In re Petters Co., Inc.*, 440 B.R. 805, 810 (Bankr. D. Minn. 2010).